GREEN, Judge,
also dissenting:
I concur with that part of the majority opinion which holds there was in fact a taking of the use of the property from the time that the plaintiff was served with notice that the Government required the use of the premises which it occupied and that possession be delivered on or before December 1,1918. The Government thus took over the control of the premises and plaintiff submitted to its action. Thereafter the situation of the plaintiff was practically the same as a tenant at will who must surrender the possession of the leased premises at any time when demanded.
The language of the bill which has been referred to this court by the action of the Senate raises a strong doubt in my mind as to whether it does not apply to some matters which can not be considered by the Court of Claims. The bill provides for the payment to the plaintiff of $113,554.49 “ as just compensation and in full settlement and satisfaction of its damages and loss incurred and suffered by it in complying with United States Navy Commandeer Order Numbered N-3255, dated June 18, 1918.”
It will be observed that the bill proposes to make this payment not only for “ just compensation,” but for damages and loss incurred and suffered by plaintiff. The majority opinion holds that the plaintiff is entitled to recover just compensation for the value of its lease from the date it *590 surrendered the premises to the end of the term, but properly refused to allow the plaintiff for damages and loss incurred and suffered by it as a result of the order referred to in the Senate bill. This loss and damage as the majority opinion shows, is quite distinct from just compensation and is a subject matter for which this court, as the majority opinion correctly holds, can not award compensation and as to which it can only make a report to the Senate pursuant to the resolution referring the bill. This situation seems to me to prevent a judgment from being rendered and requires a report to be made to the Senate. I prefer, however, to rest my dissent on other grounds. I think that cases such as we have before us are governed by the rule that the party who claims to have sustained damages inflicted by another should use reasonable effort to mitigate the amount thereof. In the case at bar, the commandeering order was revoked before plaintiff began to move out of the premises commandeered, although not until after plaintiff had bought other premises into which it intended to and did move its business. The plaintiff could have retained the premises until the end of its lease and rented the buildings which it had acquired, or it could have moved into the newly acquired quarters and leased the premises which the Government had originally commandeered with the consent of the lessor. The premises which it originally leased are shown to have a high rental value, and I think we are justified in assuming that the premises which it bought had a rental value, although both had been changed or fitted up to meet the requirements of plaintiff’s business. The burden, as I think, was upon plaintiff to show the amount of rental that could be obtained, or that it was unable by reasonable effort to lease either of the two premises in such a manner as to materially reduce the damages which it sustained. There is no evidence on this point and no way of ascertaining what would be just compensation to the plaintiff under the circumstances. I am, therefore, of the opinion that the only action that this court can take in the premises is to make a report pursuant to the Senate resolution.